UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| RUTHANN YONKOVIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., | ) | Civil Action No. 3:18-CV-_560___ |
| a New York corporation, and | ) | |
| NEW AVON LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

COMPLAINT
(Jury Trial Demanded)

The Plaintiff, Ruthann Yonkovig ("Yonkovig" or "Plaintiff"), by counsel, complaining of the Defendant Avon Products, Inc., a New York corporation, and Defendant New Avon LLC, a Delaware limited liability company, alleges and says:

NATURE OF THE ACTION

1.    Yonkovig brings this action for legal and equitable relief to correct and remedy her employer's unlawful and discriminatory employment practices during the course and in the termination of her employment.  Yonkovig brings this action to make her whole and compensate her for her employer's violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA").

JURISDICTION AND VENUE

2.      Jurisdiction is founded in this case upon 28 U.S.C. §§ 1331, 1343, and 29 U.S.C. § 626(c)(1).  The demand for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3.      Plaintiff's employment responsibilities included work on behalf of Defendant Avon Products, Inc. within this District and Division, and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) and (c).

ADMINISTRATIVE PROCEEDINGS

4.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) including the discrimination complained of herein on November 10, 2015.  A true copy of the Charge is attached hereto marked Exhibit 1 and is incorporated herein by reference.  The EEOC issued and mailed Plaintiff a Dismissal and Notice of Rights letter dated May 16, 2018 informing her that she had 90 days from her receipt of the letter within which to file suit.

5.      Plaintiff received the Dismissal and Notice of Rights letter on or after May 18, 2018, and has initiated this action within 90 days of the date that she received the letter.

6.      All administrative conditions precedent to the filing of this lawsuit have been performed or have occurred.

PARTIES

7.      Plaintiff is a 57 year old woman.  At the time of the illegal termination complained of in this action, Plaintiff was 54 years old.  She is a citizen of the United States and a resident of Greene County, Virginia.  Plaintiff was an employee of Defendant Avon Products, Inc. within the meaning of 29 U.S.C. § 630(f).  At the time of the termination of Plaintiff's employment on January 16, 2015, she was a District Sales Manager for Defendant Avon Products, Inc. responsible for a territory including the

Richmond, Virginia area, areas in and around Charlottesville and the Piedmont and in the Shenandoah Valley in and around Waynesboro.

8.      Defendant Avon Products, Inc. is a New York corporation with its principal office in Rye, New York.  Defendant Avon Products, Inc. is authorized to do business in and at all times relevant to the matters alleged herein was doing business in Virginia, including in the area comprising this District and Division.  Avon Products, Inc. is an employer, and was Plaintiff's employer, within the meaning of 29 U.S.C. § 630(b).

9.      Defendant New Avon LLC is a Delaware limited liability company with a principal office located in New York, New York.  Defendant New Avon LLC, upon information and belief, is not authorized to transact business in Virginia.

10.      Defendant New Avon LLC was formed in December 2015 to take over the North America operations of Avon Products, Inc.  In the alternative to her claims solely against Defendant Avon Products, Inc., Plaintiff alleges on information and belief that Defendant New Avon LLC is jointly and severally liable with Defendant Avon Products, Inc. for Plaintiff's claims in this case based on Defendant New Avon LLC's assumption of liabilities relating to Defendant Avon Products, Inc.'s North America business.

11.      Together, Defendant Avon Products, Inc. and Defendant New Avon LLC are referred to herein as Defendant or Avon.

12.       At all relevant times, Defendant Avon Products, Inc. was an employer engaged in an industry affecting commerce with more than 3000 employees for each working day in each of twenty or more calendar weeks in each relevant calendar year.

13.      At all times relevant to the matters alleged herein, Defendant Avon Products, Inc.'s agents and employees were acting during the course and within the scope of their employment or agency and with the knowledge and consent of the Defendant Avon Products, Inc.

<u>FACTS</u>

14.     Plaintiff began working for Defendant Avon Products, Inc. or its predecessor in interest in 1987.  Following a period of absence from Defendant, Plaintiff returned to work for Avon and was considered for seniority purposes as having begun work in 1989.  As of the termination of Plaintiff's employment, Plaintiff had approximately 26 years of excellent service with Avon.

15.     At all times relevant to the matters alleged herein, Defendant Avon Products, Inc. was dedicated to the manufacture and sale of beauty, household and personal care products throughout much of North America and in numerous countries abroad.

16.     In March 2016, following the termination of Plaintiff's employment, Defendant Avon Products, Inc. divested itself of a controlling interest in its North America operations.  Defendant New Avon LLC was created to continue those North America operations in the United States, Canada and Puerto Rico.  Plaintiff is informed and believes that Defendant Avon Products, Inc. retained a minority interest in the privately held Defendant New Avon LLC.

17.     Beginning in 2013, when Plaintiff was 53 years old, Defendant's management made unwarranted threats to place Plaintiff on a performance improvement plan although her performance, based on objective sales and other criteria for her territory, was as strong as or better than sales and performance by other District Sales Managers in other Avon territories, including those who were substantially younger than Plaintiff.

18.     Sales and performanceover the next two years remained consistent in the territories to which Plaintiff was assigned.

19.     Defendant Avon Products, Inc.'s North America business was suffering declining sales across the board in the period beginning in approximately 2011 unrelated to Plaintiff's performance.  In 2012, Defendant Avon Products, Inc. employed layoffs which did not affect Plaintiff due to her objectively good performance.  Plaintiff continued to perform well despite Avon's lagging sales performance generally in the North America market.

20.     In July 2014, Defendant Avon Products, Inc. again implemented a round of layoffs.

21.     Plaintiff was meeting Defendant Avon Products, Inc.'s legitimate expectations prior to her termination.  For example, Plaintiff's sales within her territory entitled her to and she was paid a bonus for the last quarter of 2014, and Plaintiff was meeting her performance goals.

22.     Plaintiff was among a small percentage of Defendant Avon Products, Inc.'s District Sales Managers ("DSM's") who received a bonus for that quarter.  Her performance also entitled her to a bonus for the period in 2015 in which she worked prior to her termination on January 16, 2015.

23.     On January 16, 2015, Plaintiff's supervisor called Plaintiff and informed her that she was being terminated for undefined "performance issues."

24.     Plaintiff was performing as well or better than similarly situated DSM's who were substantially younger than she was who were not selected for termination, including DSM's under the age of 45.  Plaintiff inquired what warranted termination,

given that her sales numbers and other performance numbers for her territory had been good. Plaintiff's supervisor refused to provide any further explanation.

25.     On or around the same date as the termination of Plaintiff's employment, a large number of DSM's (approximately 100), including numerous DSM's over the age of 40, were terminated for alleged but subjective "performance issues." Avon's mass termination was effected under the pretext of "performance issues" and was aimed at the elimination of older managers nearing retirement age, full pension eligibility and eligibility for severance pay.

26.     By casting the terminations as being for "performance issues," Defendant did not provide severance which otherwise would have been payable in the case of a restructuring. The older managers, including Plaintiff, would have been entitled to a week of salary for each year of employment which for Plaintiff would have equaled approximately six months of pay.

27.     Avon terminated Plaintiff's employment approximately eight months before her 55th birthday when she would have been eligible for a full pension upon retirement. However, Avon had a policy that allowed employees terminated within six months of pension eligibility to receive the full benefit. Avon thus terminated Plaintiff's employment less than two months before she would have been eligible, due to her age and length of service, for a full pension. By terminating Plaintiff when it did, Defendant Avon Products, Inc. substantially reduced Plaintiff's pension benefit.

<u>COUNT I-Violations of the ADEA</u>

28.     Plaintiff incorporates by reference and realleges the foregoing paragraphs 1-27 as if fully set forth here.

29.    At the time of the unlawful termination of Plaintiff's employment, Plaintiff was 54 years old.

30.    The reasons for the termination of Plaintiff's employment were pretext. The true reasons were discriminatory and because of Plaintiff's age and thereby violated her rights to equal employment opportunity as protected by the ADEA.  Plaintiff was subjected to adverse employment actions by Defendants because of her age.

31.    Although Plaintiff was credited with approximately 26 years of service at Avon, a number of similarly situated employees with much less experience and expertise who were under the age of 45 were retained by Defendant, while Plaintiff, who was 54 years of age at the time, was terminated pursuant to the mass termination on or around January 16, 2015.

32.    Plaintiff was selected for the termination despite her experience, skill, seniority, satisfactory performance, positive attitude, overall interest in the job and compliance with Defendant Avon Products, Inc.'s policies.

33.    The Defendant Avon Products, Inc. intentionally and willfully discriminated against Plaintiff because of her age.

34.    As a consequence of Defendant Avon Products, Inc.'s intentional discrimination, Plaintiff has lost wages and other financial incidents and benefits of employment, and Plaintiff will continue to suffer such losses.

35.    As a consequence of Defendant Avon Products, Inc.'s intentional age discrimination, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of litigation.

## COUNT II-Disparate Impact Violation of the ADEA

36.    Plaintiff incorporates by reference and realleges the foregoing paragraphs 1-35 as if fully set forth here.

37.     In January 2015, Defendant terminated numerous older employees, including Plaintiff, in a mass termination.

38.     Defendant Avon Products, Inc.'s selection process for the layoff caused a significant disparate impact on older workers in the protected class of employees over the age of 40.

39.     Although Plaintiff was well qualified for and satisfactorily performed her job, as a direct and proximate result of Defendant Avon Products, Inc.'s selection process, Plaintiff was selected for inclusion in the mass termination.

40.     As a direct and proximate result of Defendant Avon Products, Inc.'s selection criteria and/or selection process for the mass termination which had a disparate impact upon older workers, Plaintiff has suffered and/or continues to suffer lost wages and benefits, and other damages, and losses otherwise prayed for herein.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Ruthann Yonkovig demands judgment, jointly and severally, against Defendant Avon Products, Inc. and Defendant New Avon LLC as follows:

(a)     For a declaration that the acts and practices complained of herein are in violation of Plaintiff's rights as secured by the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.;*

(b)     For an order reinstating Plaintiff to her position with Defendant Avon, or in a position with comparable duties and responsibilities and with equal pay and benefits as Plaintiff would have received but for the Defendant Avon's conduct in violation of the ADEA, and reinstating all benefits to which Plaintiff would have been entitled but for the illegal termination of her employment, or in the alternative for an award of front pay and future benefits;

(c)     For a permanent injunction enjoining the Defendants from any conduct violating Plaintiff's rights as secured by the ADEA;

(d)    For an award of back pay, prejudgment interest, and appropriate recovery for lost employment benefits and other affirmative relief as may be appropriate, and for all other wages and benefits denied or lost;

(e)    For an award of liquidated damages under the ADEA;

(f)    For an award of reasonable attorneys' fees and costs incurred in this action, together with expert witness fees and expenses;

(g)    For an award in an amount necessary to offset the adverse tax consequences of an award received in a lump sum;

(h)    For an award of pre- and post-judgment interest on any monetary award; and

(i)    For any other relief this Court deems to be just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY pursuant to Fed. R. Civ. P. 38.


                                            RUTHANN YONKOVIG

                                            By:  s/Timothy E. Cupp
                                                      Counsel


Timothy E. Cupp, VSB No. 23017
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
(540)432-9988
(804)278-9634 (facsimile)
E-mail:  cupp@scs-work.com

Tim Schulte, VSB No. 41881
Shelley Cupp Schulte, P.C.
2020 Monument Avenue
Richmond, Virginia 23220
(804)644-9700
(804)278-9634
Schulte@scs-work.com
*Counsel for Plaintiff*